UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERNEST HALL, | : | Case No. 1:08-cv-517 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| NURSE TERRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS'
MOTION TO DISMISS (Doc. 24) BE GRANTED AND THIS CASE BE CLOSED**

Plaintiff Ernest Hall initiated this action on August 6, 2008 by filing a *pro se* complaint against Defendants Nurse Terry, Nurse V., Nurse Newsom, and Officer Taylor (collectively, "Defendants") alleging violations of his civil rights. (Doc. 1). Plaintiff is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") incarcerated at Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio.

### I. PROCEDURAL BACKGROUND

Upon filing his complaint, the Court ordered Plaintiff to submit copies of his complaint, summons, and U.S. Marshal forms for each of the Defendants. (Doc. 15). In response to the Court's Order, Plaintiff furnished portions of a complaint form and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

several additional unresponsive documents. As a result, the Court directed the clerk of the court to make copies of the complaint, complete the summons and U.S. Marshal forms on behalf of the Plaintiff for Defendants, and forward them to the U.S. Marshal for service. (Doc. 15). The clerk was also directed to send a copy of the complaint and supplements to the Office of the Ohio Attorney General, Corrections Litigation Section which was received on October 21, 2008. Thereafter, and pursuant to Ohio Rev. Code § 109.361, the Ohio Attorney General entered a limited appearance on November 10, 2008 to file a motion for extension to answer or otherwise plead until December 1, 2008 on behalf of those Defendants properly named and served. (Doc. 22).

Since filing the motion for extension, the Ohio Attorney General's Office allegedly has not been able to identify or locate any of the named Defendants. (Doc. 24 at 3). Defendants claim that "Nurse Newsom left the employ of SOCF, there is no Nurse Terry, Nurse V is insufficiently named and identified, and three different SOCF officers have the last name of Taylor." (*Id.*) Additionally, service of process has not be effectuated by either Plaintiff or the U.S. Marshal. Accordingly, none of the Defendants have been properly named or served.

On December 1, 2008 Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. 24). Because Plaintiff did not respond to the motion, on January 5, 2009, the Court issued an Order directing Plaintiff to show cause why the motion should not be construed as unopposed and granted. (Doc. 25). Plaintiff was ordered to respond to the show cause order by January 20, 2009, but has failed to do so.

## II. STANDARD OF REVIEW

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> "If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

Upon a showing of good cause for the failure to effect timely service, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). In the absence of a showing of good cause, the court has discretion to dismiss *sua sponte*, provided that the plaintiff has notice of the proposed action. *See Osborne*, 217 F.R.D. at

408; *United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987).

### III. ANALYSIS

Plaintiff's failure to respond to the order to show cause warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Dismissal is also warranted on the merits, because Plaintiff has failed to comply with service of process requirements pursuant to Fed. R. Civ. P. 4(e) and (j).

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a copy of the summons and the complaint on the defendants within 120 days after filing the complaint. Plaintiff filed the complaint on August 6, 2008 and therefore Defendants needed to be served by December 5, 2008. Defendants still have not been properly named or served. Moreover, Defendants' motion to dismiss and the Court's Show Cause Order, put Plaintiff on notice that his service of process was deficient, yet he did not attempt to correct the deficiency.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion to dismiss (Doc. 24) be **GRANTED**, Plaintiff's complaint be dismissed without prejudice for failure of service of process, and this case be **CLOSED**.

Date: February 6, 2009                          s/ Timothy S. Black
                                                               Timothy S. Black
                                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERNEST HALL, | : | Case No. 1:08-cv-517 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| NURSE TERRY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).